[No. C055215. Third Dist. Aug. 6, 2008.]

In re RICKY S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
RICKY S., Defendant and Appellant.

**COUNSEL**

Julia J. Spikes, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Alison Elle Aleman, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**BLEASE, Acting P. J.**—Ricky S., a minor, was charged with attempted grand theft, attempted robbery, and battery. Following a contested competency hearing, the minor was found competent to stand trial. A contested jurisdictional hearing was conducted which resulted in only the battery charge being sustained. The minor was declared a ward of the juvenile court and placed on home probation.

On appeal, the minor contends (1) the competency finding must be reversed because the court used the wrong standard in making its determination, (2) the court abused its discretion by failing to consider whether to limit his parents' rights to make educational decisions for him, and (3) the court failed to consider him for deferred entry of judgment.

Agreeing with the minor's first contention, we shall reverse the orders of competency and wardship and remand for further proceedings.[1]

### DISCUSSION

■ It is well established that the criminal trial of an incompetent defendant violates the due process clause of the state and federal Constitutions. (*Medina v. California* (1992) 505 U.S. 437, 453 [120 L.Ed.2d 353, 368, 112 S.Ct. 2572].) ■ Like an adult defendant, a minor has a right to a competency hearing in juvenile delinquency proceedings. (*James H. v. Superior Court* (1978) 77 Cal.App.3d 169, 174–175 [143 Cal.Rptr. 398].) The standard applied in adult criminal proceedings is also applied in juvenile delinquency proceedings, namely, whether the accused " ' "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." ' " (*Timothy J. v. Superior Court* (2007) 150 Cal.App.4th 847, 852, 857 [58 Cal.Rptr.3d 746].)

Here, the competency hearing was based on a written report prepared by Dr. Daniel Edwards, who evaluated the minor's competency, and the testimony of Dr. Edwards at the hearing. In his report, Dr. Edwards concluded: "I do not think that Mr. Richy [*sic*] [S.] meets the legal criteria for being competent to stand trial. He cannot remember the charges against him, he was not able to learn the job of the DA or others in the Courtroom in the time I spent with him, and I do not think he has the verbal ability to cooperate with counsel in the conduct of a rational defense. He has Verbal Comprehension

---

[1] Our resolution of the minor's first contention renders it unnecessary to address the remaining two.

ability in the mentally Retarded range of function (VCI = 61) and he has a developmental disability in Reading and Spelling. Further, I think his demonstrated failure to learn with me indicates significant memory dysfunction or an Amnestic Disorder where he has difficulty learning verbal material at a normal rate."

At the hearing, the following colloquy occurred between counsel for the minor (Mr. Pfaff) and Dr. Edwards: "Q. Dr. Edwards, with respect to the ability of this minor to catch up or rehabilitate and learn the trial process, would his Amnestic Disorder be a [hindrance]? [¶] A. Certainly. [¶] Q. Is it your opinion that this minor could reasonably with any assistance of a therapeutic nature become competent to stand trial? [¶] A. Yeah, I think that's possible, especially if he got special treatment from Alta Regional Services, who has people that work on those competency issues. [¶] Q. Can you make a statement as to the time frame involved? [¶] A. No."

At this point the court queried Dr. Edwards on whether a lawyer could provide the same services as Alta Regional if the lawyer or a judge were to "continually explain things to him." Dr. Edwards replied, "It's possible if the lawyer would take the time and spend time with the individual. It's possible."

Shortly thereafter, in response to counsel's asking for Dr. Edwards's opinion regarding the minor's ability to understand the court process, the doctor stated: "Well, the best estimate I can get are from the IQ testing where in the verbal area he's, at best, scoring as an eight-year-old. [¶] So in terms of trying to understand his competency, he's as competent maybe as an eight-year-old would get. And we usually require him to be—to have a level of understanding equivalent to a fourteen-year-old so . . . ."

The court queried Dr. Edwards regarding his testimony about requiring the level of a 14 year old to be found competent and determined that Dr. Edwards had obtained this standard from Penal Code section 26, which, as described by the court, "says that if the child is under the age of fourteen, you have to question him as to whether he knows right from wrong." After the court pointed out that knowledge of right or wrong had nothing to do with competency, the court said to Dr. Edwards, "So no eight-year-old is competent to have a hearing or . . . ?" Dr. Edwards responded, "I think it's probably fair to say on an average, they wouldn't be."

In finding the minor competent, the court observed that the only evidence before it was Dr. Edwards's conclusion that the minor was not competent, but that conclusion had been based on the inappropriate standard that "no eight-year-old can ever be competent." The court said that it disagreed with the doctor and that "competency evaluation is based on a standard that is not necessarily the appropriate standard."

The court concluded, stating: "I think based on what is in the report and what I heard from Dr. Edwards, it's going to take a lot of work with [the minor] in terms of understanding certain concepts. [¶] But as I indicated, he knows what he has been charged with. He knows what he did, or at least is alleged to have done. [¶] He knows right from wrong. Whether that needs to be explained to him in a language other than English is something that should be attempted. [¶] And working with him over time I think will lead him to be able to at least understand on a basic level what he's been accused of and whether he should admit to it or not. [¶] . . . [¶] The [principal] test is whether he can assist his attorney in conducting a defense. . . . [¶] . . . [¶] He understands enough, at least as far as the Court is convinced, to know why he's in juvenile court, what he's being charged with, and what he faces. [¶] . . . [¶] But to find him incompetent in this case is not something that I think is appropriate on the state of just Dr. Edwards' report. And his testimony in court today, as I said, convinced the court otherwise."

As previously noted, the standard for determining competency is whether the minor has the present ability to consult with his lawyer with a reasonable degree of rational understanding as well as factually understanding the proceedings against him.

Here, in questioning Dr. Edwards, the court informed Dr. Edwards that the competency determination did not turn on whether the minor knows right from wrong, which was an accurate statement of the law. However, in finding the minor competent the court either misspoke or reversed itself when it stated that "the question is, does he know right from wrong," which is not the applicable standard. Later, after again observing that the minor knows right from wrong, the court correctly observed that "the [principal] test is whether he can assist his attorney in conducting a defense."

■ While the court's inconsistent comments on the role minor's knowledge of right from wrong played in its finding of competency are problematic, the court's statement that "working with [the minor] over time . . . will lead him to be able to at least understand on a basic level what he's been accused of and whether he should admit to it or not" flies directly in the face of the second prong of the applicable standard, namely, that the minor "presently" has a reasonable, factual understanding of the proceedings. In other words, the question is not whether the minor can become competent in the future with assistance; rather the question is whether he is presently competent, which the court impliedly found he was not. Consequently, we will vacate the competency finding and reverse the ensuing jurisdictional findings.

## DISPOSITION

The juvenile court's ruling finding the minor competent is vacated and its sustaining of the petition is reversed. The matter is remanded for further proceedings.

Morrison, J., and Cantil-Sakauye, J., concurred.